FILED

FEB 12 2007

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LOUISE WALDRON for CHARLES S. WALDRON, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:06CV00112 LMB ) |
| LONG JOHN SILVERS, INC., JOHN DOE INC. and JOHN DOE, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This wrongful death action, originally filed in the Circuit Court of Butler County, Missouri, was removed by Defendant Long John Silvers, Inc. on August 15, 2006 (Document Number 1). Presently pending before the court is Defendant Long John Silvers, Inc.'s Motion to Dismiss (Doc. No. 7). Also pending is plaintiff's Motion for Leave to File an Amended Complaint. (Doc. No. 11).

In its Motion to Dismiss, Defendant Long John Silvers, Inc. argues that plaintiff has previously filed an almost identical case against the same defendants, Cause Number 1:05CV00167LMB. Defendant states that in the prior case, plaintiff sought to recover for both pre-death and post-death injuries to Charles S. Waldron, pursuant to the Missouri Wrongful Death Statute, Mo. Rev. Stat. § 537.080. Defendant further states that this court dismissed plaintiff's previous case with prejudice on January 18, 2006, finding it was barred by the three-year statute of limitations for wrongful death actions. Defendant contends that in the current case, plaintiff has removed some references to the death of Charles S. Waldron, yet plaintiff indicates that the action is being brought pursuant to the wrongful death statute. Defendant thus argues that plaintiff's

current Petition is barred by the wrongful death statute of limitations. Plaintiff further argues that plaintiff's Petition is barred by res judicata.

In Response to defendant's motion, plaintiff has filed a Motion for Leave to File an Amended Complaint. (Doc. No. 11). Plaintiff requests leave to amend her Petition to indicate that the amount in controversy does not exceed $75,000.00, thus depriving this court of jurisdiction.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). See County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

In her Petition, plaintiff alleges a wrongful death claim under Mo. Rev. Stat. § 537.080, which is subject to the statute of limitations set out in Section 537.100. Section 537.100 provides in relevant part: "[e]very action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue..." A cause of action under Section 537.080 accrues to the statutory beneficiaries when the death occurs. Dzur v. Gaertner, 657 S.W.2d 35, 36 (Mo. App. 1983). In her Petition, plaintiff states that the decedent, Charles Waldron, died on May 17, 2001. Def's Ex. A at 4. As such, plaintiff's Petition, filed on August 26, 2005, is barred by the three-year statute of limitations.

Plaintiff's Petition is also barred by the application of res judicata. The doctrine of res judicata applies to repetitive suits involving the same cause of action. Lundquist v. Rice Mem'l

Hosp., 238 F.3d 975, 977 (8th Cir. 2001). Final judgment on the merits of an action precludes the same parties form relitigating issues that were or could have been raised in that action. Id.

As stated above, plaintiff brought the same claim against the same defendants in a prior action in this court. See Cause Number 1:05CV00167LMB. Plaintiff has merely omitted some of the allegations concerning her husband's death that were contained in the original action. All of the remaining allegations concerning the injuries her husband sustained prior to his death, however, were contained in the original action. Thus, plaintiff's Petition is barred by the doctrine of res judicata.

In an attempt to defeat defendant's Motion to Dismiss, plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. No. 11). Plaintiff's Amended Petition would limit the requested damages in this matter to an amount less than $75,000.00, thereby depriving this court of jurisdiction. "[I]t is well settled that leave to amend should be 'freely given when justice so requires.'" Viehweg v. Mello, 5 F. Supp.2d 752, 756 (E.D. Mo. 1998) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994), Fed. R. Civ. P. 15(a)). A party's motion for leave to amend under 15(a) will be granted "absent undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." Paglin v. Saztec Intern., Inc., 834 F. Supp. 1184, 1190 (W.D. Mo.) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

In this case, the undersigned finds that justice does not require that plaintiff be granted leave to amend her Petition. The amendments plaintiff proposes would not cure the statute of limitations bar or the res judicata bar. Rather, permitting plaintiff to amend her Petition would merely cause undue delay and incur additional costs for the parties. Thus, plaintiff's Motion for Leave to File an Amended Complaint will be denied.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Doc. No. 7) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 11) be and it is **denied**.

**IT IS FINALLY ORDERED, ADJUDGED, and DECREED** that plaintiff's Petition be and it is **dismissed**. A separate Judgment will be entered on this date.

Dated this 12th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE